**MADAR LAW CORPORATION**
Alex S. Madar, Esq. (SBN: 319745)
alex@madarlaw.net
14410 Via Venezia Apt 1404
San Diego, CA 92129-1666
Telephone: (858) 299-5879
Fax: (619) 354-7281

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK KAUFMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ICONCEPT MD CONTACT SOLUTIONS CORPORATION.,<br><br>Defendant. | Case No.: '20CV0690 WQHBGS<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

### INTRODUCTION

1. The plaintiff MARK KAUFMAN ("Mr. Kaufman" or "Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of defendant ICONCEPT MD CONTACT SOLUTIONS CORPORATION ("ICONCEPT" or "Defendant") in negligently and/or intentionally contacting Plaintiff on his cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA"), thereby invading Plaintiff's

**CLASS ACTION COMPLAINT**

privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. § 227(b).

3. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391 because Defendant:

    (a) is authorized to conduct business in this district and has intentionally availed itself of the laws by conducting business in this district;

    (b) does substantial business within this district;

    (c) is subject to personal jurisdiction in this district; and

    (d) Plaintiff was harmed by Defendant's conduct within this judicial district.

## PARTIES

4. Mr. Kaufman is, and at all times relevant was, a citizen and resident of the State of California, County of San Diego, and is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

5. Plaintiff is informed and believes, and thereon alleges, that ICONCEPT, a telecommunications and lead generation company, is, and at all times mentioned herein was, a Nevada corporation with its principal place of business in Reno, Nevada, and is a "person" as defined by 47 U.S.C. § 153(39).

6. Upon information and belief, Defendant is contracted by various entities in the travel and leisure industry, including Great Destinations, Inc. ("Great Destinations"), to conduct outbound lead generation by way of telemarketing.

MADAR LAW CORPORATION
14410 VIA VENEZIA #1404
SAN DIEGO, CA 92129

7. Plaintiff alleges that at all times relevant herein, Defendant conducted business in the State of California and in the County of San Diego, and within this judicial district.

## FACTUAL ALLEGATIONS

8. There are numerous online complaints about Great Destinations' calling practices, including complaints that Great Destinations (and their vendor, ICONCEPT) placed unsolicited automated calls even to people who were on the National Do-Not-Call Registry.

9. At all times relevant, Plaintiff did not have a business relationship with either Defendant or Great Destinations.

10. At no time did plaintiff provide his current cellular telephone number to Defendant or Great Destinations through any medium.

11. At all times relevant, Plaintiff's telephone number was on the National Do-Not-Call Registry.

12. On or about March 21, 2019, March 25, 2019, March 26, 2019, April 3, 2019, April 11, 2019, May 16, 2019, and other dates, ICONCEPT, on behalf of Great Destinations, called Plaintiff on his cellular telephone number ending in "4299" using an automated telephone dialing system (ATDS) in attempts to book an appointment for Mr. Kaufman to attend a timeshare presentation at Great Destinations' showroom in Ontario, CA.

13. Each time Defendant called Plaintiff, there was a noticeable pause prior to the telemarketer coming onto the line, indicative of the use of an ATDS.

14. Upon information and belief, Defendant, or its agents, sent or transmitted the same or substantially similar unsolicited phone calls via ATDS to thousands of consumers' cellular telephones nationwide.

15. Upon information and belief, the automated telephone system used by Defendant or its agents to place the calls has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

16. Upon information and belief, the automated telephone system also has the capacity to, and does, automatically dial telephone numbers stored as a list or in a database.

17. Defendant's telephone communications were for marketing or solicitation purposes.

18. Defendant's telephonic communications were not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

19. Defendant's telephonic communications were made to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for cellular telephone service, pursuant to 47 U.S.C. § 227(b)(1).

20. Plaintiff's cell phone number is primarily used for personal reasons.

21. Defendant did not have prior express written consent to call Plaintiff's cell phone with an automated telephone dialing system or with a prerecorded voice message.

22. Upon information and belief, Defendant obtained Plaintiff's cell phone number from someone other than Plaintiff.

23. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

24. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and annoyed that Defendant pestered Plaintiff with multiple solicitations using an ATDS without his prior express consent, in an effort to solicit the purchase of Great Destinations' timeshare vacations.

25. Defendant's telephonic communication forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones because they were occupied by having to answer Defendant's unsolicited calls, causing annoyance and lost time.

26. The phone calls from Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1)(A)(iii).

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated.

28. Plaintiff represents, and is a member of the class (the "Class"), consisting of:

> All persons within the United States who received any telephone call(s) from Defendant or its agent(s) and/or employee(s), not for an emergency purpose, on said person's cellular telephone, made through the use of any automatic telephone dialing system or artificial or prerecorded voice, within four years prior to the filing of the Complaint.

29. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the members of the Class number in the several thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

30. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agent(s), illegally contacted Plaintiff and the members of the Class via their cellular telephones by using an ATDS or with a prerecorded voice, thereby invading the privacy of said Plaintiff and the members of the Class.

31. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

32. The joinder of the members of the Class is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through records of Defendant and/or its agents and records of wireless telephone carriers.

33. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual members of the Class, including the following:

(a) Whether, within the four years prior to the filing of this Complaint, Defendant or its agent(s) placed any artificial or prerecorded calls without the prior express written consent of the called party to members of the Class using an automatic dialing system;

(b) Whether the calls were for marketing or solicitation purposes;

(c) Whether Defendant can meet its burden of showing Defendant obtained prior express written consent;

(d) Whether Defendant's conduct was knowing and/or willful;

(e) Whether Plaintiff and the members of the Class were damaged thereby, and the extent of damages for such violation; and

(f) Whether Defendant and its agent(s) should be enjoined from engaging in such conduct in the future.

34. As a person who received at least one prerecorded or ATDS voice call from Defendant or its agents without Plaintiff's prior express written consent, Plaintiff is asserting claims that are typical of the Class.

35. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interest antagonistic to any member of the Class.

36. Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of each individual Class member's claims, few, if any, members of the Class could afford to seek legal redress for the wrongs complained of herein.

37. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

38. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of members of the Class in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

39. Notice may be provided to the Class members by direct mail and/or email notice, publication notice and by other reasonable means.

40. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**

**NEGLIGENT VIOLATIONS OF THE TCPA**

**47 U.S.C. § 227 ET SEQ.**

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

43. As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq*., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

44. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA

## 47 U.S.C. § 227 ET SEQ.

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

47. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq*., Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

48. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court to grant Plaintiff and the Class members the following relief against Nationwide:

/././

**FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION**

**OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.***

- As a result of Defendant's and Defendants' agent's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.
- Costs of suit.
- Attorneys' fees pursuant to, *inter alia*, the common fund doctrine.
- Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION**

**OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.***

- As a result of Defendant's and Defendants' agent's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Costs of suit.
- Attorneys' fees pursuant to, *inter alia*, the common fund doctrine.
- Any other relief the Court may deem just and proper.

**TRIAL BY JURY**

49. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

/././

Dated: April 10, 2020

Respectfully submitted,

**MADAR LAW CORPORATION**

By: s/ A<small>LEX</small> S. M<small>ADAR</small>
A<small>LEX</small> S. M<small>ADAR</small>
A<small>TTORNEY FOR</small> P<small>LAINTIFF</small>

CLASS ACTION COMPLAINT